PER CURIAM.
The appellant has filed a motion pursuant to Florida Rule of Criminal Procedure 3.850, in which he raises multiple claims involving alleged discovery violations committed by the state and ineffective assistance by his trial counsel. We affirm the trial court’s denial of relief on all of the claims except one which appears to have merit and is not refuted by the attached record. In this claim the appellant argues that his trial counsel was ineffective because he failed to object when the state put on a rebuttal witness — -Officer Fields— who testified that during the investigation the appellant had made an oral statement apologizing to the victim and stating that he knew where the stolen wallet was located, and also cried. The appellant asserts that these oral statements were not disclosed to the defense prior to trial, and thus the state committed a discovery violation to which counsel should have objected and requested a hearing pursuant to Richardson v. State, 246 So.2d 771 (Fla.1971), once the violation became known at trial. See Fla. R.Crim. P. 3.220(b)(1)(C) (requiring the state to disclose any oral statements made by the defendant along with the name and address of each witness to the statement). After a careful review of the record, we cannot conclude that trial counsel’s failure to object was harmless and did not prejudice the defense. See State v. Schopp, 653 So.2d 1016, 1020-21 (Fla.1995) (“If the reviewing court finds that there is a reasonable possibility that the discovery violation prejudiced the defense or if the record is insufficient to determine that the defense was not materially affected, the error must be considered harmful”). We therefore reverse and remand for the trial court to conduct an evidentiary hearing on this claim.
AFFIRMED IN PART, REVERSED AND REMANDED IN PART.
BROWNING, C.J., WOLF and WEBSTER, JJ., concur.